IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| WILLIAM DALE CARTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 08-3286 |
| | ) | |
| JULIUS FLAGG, Acting Warden, | ) | |
| Robinson Correctional Center, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Petitioner William Dale Carter's Petition for Writ of Habeas Corpus by a Man in State Custody Pursuant to 28 U.S.C. § 2254 (Petition) (d/e 1); Motion for Leave to File Supplement to Habeas Corpus Petition (d/e 20); Motion to Supplement Carter's Petition for Writ of Habeas Corpus (d/e 31); Motion to Take Judicial Notice (d/e 16); and Motion to Compel Discovery of Documents (d/e 27). Respondent Julius Flagg, acting warden of the Robinson Correctional Center, filed a Motion to Dismiss (d/e 23), and Petitioner has filed a Reply to Respondants [sic] Motion to Dismiss (d/e 24).

1

For the following reasons, Respondent's Motion to Dismiss is granted. Carter's Petition is dismissed without prejudiced, and the remaining motions are denied as moot.

## FACTS

Petitioner is incarcerated at Robinson Correctional Center in Robinson, Illinois, where he is in Respondent's custody. In August 2002, a jury in the Circuit Court of Adams County, Illinois, convicted Petitioner of home invasion, and the court sentenced him to a twenty-year term of imprisonment. Illinois v. Carter, 841 N.E.2d 1052 (Ill.App. 4th Dist. 2005). The Illinois Appellate Court affirmed Carter's conviction on December 22, 2005, and the Illinois Supreme Court denied his petition for leave to appeal (PLA) on May 24, 2006. See id.; People v. Carter, 852 N.E.2d 241 (Table) (Ill. 2006). On September 14, 2006, Carter filed a petition for post-conviction relief under 725 ILCS 5/122-1, which the trial court dismissed on October 13, 2006. See Illinois v. Carter, 892 N.E.2d 1082, 1083 (Ill.App. 4th Dist. 2008). He then on December 11, 2006, filed a petition for relief from judgment under 735 ILCS 5/2-1401, which the trial court struck as successive on January 17, 2007. Id.

Petitioner appealed both dismissals on February 15, 2007. Adams

County Circuit Court Case No. 01-CF-458, http://www.judici.com/courts/cases/case_history.jsp?court=IL001025J&ocl=IL001025J,2001CF458,IL001025JL2001CF458D1 (visited Oct. 16, 2009). On June 6, 2008, the Illinois Appellate Court affirmed the dismissal of his § 2-1401 petition, but reversed the dismissal of his petition for post-conviction relief, remanding the case for further proceedings. Id. Petitioner filed an amended post-conviction petition for relief in the state trial court on May 4, 2009; the trial court dismissed it without an evidentiary hearing on August 17, 2009. Id. On August 19, 2009, Petitioner filed a notice of appeal. Id. His appeal is pending before the Fourth District of the Illinois Appellate Court as Case No. 4-09-0625. Id.

## ANALYSIS

The Respondent argues that the Court should dismiss the Petition without prejudice because Petitioner has failed to exhaust his state remedies as required by 28 U.S.C. § 2254(b)(1)(A). Petitioner counters that he need not seek post-conviction relief under Illinois law before filing a federal habeas petition.

Relief under § 2254 "shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State .

3

. . ." 28 U.S.C. § 2254(b)(1)(A); see Cheeks v. Gaetz, 571 F.3d 681, 685 (7th Cir. 2009); Harris v. McAdory, 334 F.3d 665, 668 (7th Cir. 2003). An applicant has not exhausted his state remedies if he "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

It is true that a federal habeas corpus petitioner whose claims have been rejected by the state courts on *direct appeal* need not avail himself of state post-conviction proceedings. U.S. ex rel. Anthony v. Sielaff, 552 F.2d 588, 589 (7th Cir. 1977) (emphasis added). However, if the petitioner has not raised the issues giving rise to his federal habeas petition on direct appeal, he must initiate and pursue a full round of state post-conviction proceedings before he can file a § 2254 petition. Cheeks, 571 F.3d at 685. This is because "a petitioner must give the state court a meaningful opportunity to consider the substance of the claims later presented in federal courts." McAdory, 334 F.3d at 668; Cheeks, 571 F.3d at 685.

Here, Petitioner did not raise the federal claims, contained in his Petition, in the Illinois courts during his series of direct appeals. Instead, he has raised those claims in the post-conviction proceeding that is pending in the Illinois Appellate Court. Therefore, he has not exhausted his state

4

remedies, and the courts of the State of Illinois have not had a "meaningful opportunity" to consider the merits of his federal claims. See McAdory, 334 F.3d at 668. Until Petitioner's state post-conviction proceedings have terminated, this Court cannot entertain his Petition.

Accordingly, the Court dismisses the Petition without prejudice. Dismissal without prejudice is appropriate where, as here, there is no substantial risk that it will jeopardize a petitioner's opportunity to bring a § 2254 petition after he has exhausted state remedies. See Tucker v. Kingston, 538 F.3d 732, 735 (7th Cir. 2008) (upholding dismissal of federal habeas petition when five months of the statute of limitations period remained).

Once Petitioner exhausts his proceedings in state court, he may re-file his Petition with this Court. The statute of limitations should not present a problem for Petitioner because, under 28 U.S.C. § 2254(d)(1)(A), he has one year from the date his conviction became final to file a federal habeas petition. His conviction became final on August 22, 2006, ninety days after the Illinois Supreme Court denied his PLA. However, the pendency of a properly filed post-conviction petition in state court tolls the statute of limitations for filing a federal habeas petition. 28 U.S.C. § 2244(d)(2).

Petitioner filed his state post-conviction action on September 14, 2006, twenty-three days after his conviction became final. Motion to Dismiss (d/e 23), Ex. C. The period from October 13, 2006, to December 11, 2006, constituted 59 days, and the period from January 17, 2007, to February 15, 2007, constituted 29 days. Also the period from August 17, 2009, to August 19, 2009, was 2 days. Thus, only 113 days of the one-year statute of limitations period have passed, and Petitioner has sufficient time to refile this habeas petition after his state post-conviction petitions have concluded.

THEREFORE, Respondent's Motion to Dismiss (d/e 23) is GRANTED. Petitioner William Dale Carter's Petition for Writ of Habeas Corpus by a Man in State Custody Pursuant to 28 U.S.C. § 2254 (d/e 1) is DISMISSED without prejudice. All other motions are DENIED as MOOT. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER: October 23, 2009

    FOR THE COURT:

                        s/ Jeanne E. Scott
                        JEANNE E. SCOTT
                UNITED STATES DISTRICT JUDGE