IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| WILLIAM DALE CARTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 08-3286 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Petitioner William Dale Carter's Motion for Certificate of Appealability (COA) (d/e 35) and Motion for Transcripts and Records (d/e 36). For the reasons set forth below, the COA Motion is denied, and the Motion for Transcripts and Records is granted.

Under Federal Rule of Appellate Procedure 22(b)(1), when an applicant in a habeas corpus proceeding files a notice of appeal, the district court must either issue a certificate of appealability or state why such a certificate should not issue. Pursuant to 28 U.S.C. § 2253(c)(2), a "certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." The applicant

1

must demonstrate that "reasonable jurists could debate whether the challenges in his habeas petition should [have] been resolved differently or that his petition adequately shows a sufficient chance of the denial of a constitutional right that he deserves encouragement to proceed further." Rutledge v. United States, 230 F.3d 1041, 1047 (7th Cir. 2000).

Carter is not entitled to a COA. The Court dismissed Petitioner's § 2254 petition without prejudice because he failed to exhaust state remedies as required under 28 U.S.C. § 2254(b)(1)(A). Opinion of October 26, 2009 (d/e 32), 4-5. The Court noted that Petitioner could re-file his petition if necessary after his pending state post-conviction proceeding was completed. Id., 6. When such a petition is dismissed on procedural grounds, a COA is appropriate only if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). No jurist of reason would find this Court's procedural ruling to be debatable. Carter failed to exhaust his state remedies, and this Court cannot grant him a COA.

When a district court denies a COA, the applicant may ask a circuit

judge to issue the COA. FED. R. APP. P. 22(b)(1). Thus, Carter may file a request for a COA in the U.S. Court of Appeals for the Seventh Circuit; he should not file such a request in this Court. The Clerk of Court is directed to send this Opinion and Carter's Notice of Appeal to the Seventh Circuit.

Carter has also asked the Court to send "the transcripts/records" in his case to the Seventh Circuit. Motion for Transcripts and Records (d/e 36). Carter's Motion is granted, and the Clerk of Court is directed to send the file of the district court proceedings in this matter to the Seventh Circuit. See FED. R. APP. P. 22(b)(1).

THEREFORE, Carter's Motion for Certificate of Appealability (d/e 35) is DENIED, and his Motion for Transcripts and Records (d/e 36) is GRANTED. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER: November 5, 2009

       FOR THE COURT:

                                s/ Jeanne E. Scott
                                JEANNE E. SCOTT
                            UNITED STATES DISTRICT JUDGE